**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERT FENN and ANDRITA KING-FENN,

    **Plaintiffs,**

-vs-                   Case No. 6:12-cv-10-Orl-31KRS

JOSEPH N. DAYAN; SHAPIRO AND FISHMAN, LP;
and BANK OF AMERICA NATIONAL
ASSOCIATION ,

    **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2, 3)**
>
> **FILED:** **January 4, 2012**

  Plaintiff Robert Fenn and Andrita King seek to proceed *in forma pauperis*. They allege that Defendants Shapiro and Fishman, LP, Bank of America and Joseph Dayan violated various laws of the State of Florida and the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, in connection with a foreclosure action filed against them in the Circuit Court of Orange County, Florida. They also allege that the state court denied them due process in the foreclosure action because they were prohibited from filing papers in that case except through counsel. Doc. No. 1.

  Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

**III.   ANALYSIS.**

Plaintiffs fail to state claims on which relief can be granted under federal law for the following reasons:

- Filing a civil action to foreclose on a mortgage is not a debt collection activity for purposes of the Fair Debt Collection Practices Act. *See, e.g., Warren v. Countrywide Home Loans,* Inc., 342 F. App'x 458 (11th Cir. 2009); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007).

- The Fair Credit Reporting Act does not provide a private right of action against a furnisher of information unless the furnisher of information received notice of the

consumer's dispute from a consumer reporting agency. *See Green v. RBS Nat'l Bank*. 288 F. App'x 641, 642-43 (11th Cir. 2008). Plaintiffs do not allege that they disputed their credit report or that Defendants received notice of that dispute.

- Based on the allegations of the complaint, Plaintiffs' due process claims are barred under the *Younger v. Harris* abstention doctrine. *See Huber v. GMAC Mortgage, LLC*, Case No. 8:11-cv-1250-T-30EAJ, 2011 WL 6020410 (M.D. Fla. Dec. 2, 2011).

As to the state law causes of action, Plaintiffs allege that they are citizens of Florida but they do not allege that each Defendant is a citizen of a state other then Florida. Therefore, this Court could not exercise diversity jurisdiction. The Court may decline to exercise supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367(c)(2) and (3).

Accordingly, I **recommend** that the Court **DISMISS** the case and **DENY** the motions to proceed *in forma pauperis*, Doc. Nos. 2 and 3, without prejudice.

*Pro se* litigants should ordinarily be given an opportunity to file an amended complaint. Accordingly, I **recommend** that the Court allow Plaintiffs to file an amended complaint and renewed motions to proceed *in forma pauperis* within fourteen days after the Court's order on this Report and Recommendation, without prejudice to refiling it with the amended complaint. I **further recommend** that the Court advise Plaintiffs that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

In the amended complaint, Plaintiffs must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. In the amended complaint, Plaintiffs must name as Defendants only those persons who are responsible for the alleged violations. Plaintiffs must provide support in the statement of facts for the claimed

violations. Each claimed violation should be set forth in a separate "Count" of the amended complaint.

In each "Count" of the amended complaint, Plaintiffs must allege facts sufficient to establish each element of the legal violation alleged in that Count. Plaintiffs should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged violation. Plaintiff must allege some causal connection between each Defendant named and the injury allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of Plaintiffs' rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiffs must allege specifically how each Plaintiff has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 9, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy