**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT FENN and ANDRITA KING-FENN,**

           **Plaintiffs,**

**-vs-**                                                     **Case No. 6:12-cv-10-Orl-31KRS**

**JOSEPH N. DAYAN; SHAPIRO AND FISHMAN, LP; and BANK OF AMERICA NATIONAL ASSOCIATION ,**

           **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AMENDED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 10)**
>
> **FILED:**     **January 24, 2012**

**I.    PROCEDURAL HISTORY.**

Plaintiffs Robert Fenn and Andrita King previously sought to proceed *in forma pauperis*. Doc. Nos. 2, 3. I issued a Report and Recommendation noting that their complaint failed to state a basis for federal jurisdiction and recommending that the request to proceed *in forma pauperis* be denied without prejudice and that the complaint be dismissed, but that Plaintiffs be given an opportunity to

file an amended complaint. Doc. No. 6. Before that Report and Recommendation was considered by the Court, Plaintiffs filed an amended complaint and a renewed motion to proceed *in forma pauperis.*

In the amended complaint, Plaintiffs allege that Defendants Shapiro and Fishman, LP, Bank of America and Joseph Dayan violated various laws of the State of Florida in connection with a foreclosure action filed against them in the Circuit Court of Orange County, Florida. Doc. No. 7. Plaintiffs dropped their claims pursuant to the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and asserted that diversity jurisdiction existed. Doc. No. 7 ¶¶ 13, 18-19. Plaintiffs added allegations regarding the citizenship of the Defendants and stated that Bank of America was a North Carolina corporation and that Shapiro and Fishman, LP and Joseph Dayan were citizens of Florida. *Id*. ¶¶ 20-22. Plaintiffs allege they are Florida citizens as well. *Id*. ¶ 23.

## II. ANALYSIS.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and

appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiffs fail to state claims on which relief can be granted under federal law. Plaintiffs claim that diversity jurisdiction exists, but Plaintiffs allege that they and two of the defendants are citizens of Florida. Accordingly, diversity jurisdiction does not exist. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (for diversity jurisdiction to exist, there must be complete diversity of citizenship between all plaintiffs and all defendants).

Because Plaintiffs have been given an opportunity to amend their complaint and have failed to allege a basis for federal jurisdiction, I **recommend** that the Court **DISMISS** the case and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 10.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 27, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy